FILED
MAR - 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, Inc.<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, in his official capacity as Secretary of Health and Human Services;<br><br>ANDREW C. VON ESCHENBACH, M.D., in his official capacity as Commissioner of Food and Drugs;<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION,<br><br>Defendants. | Case: 1:08-cv-00395<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 3/4/2008<br>Description: TRO/PI<br><br>FILED UNDER SEAL |

**PLAINTIFF'S MOTION TO FILE UNDER SEAL THE
UNREDACTED DECLARATION OF DAVID MARSHALL**

Pursuant to Local Rule 5.1(j), Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") respectfully requests that the Court permit Teva to file under seal the unredacted version of the Declaration of David Marshall (the "Marshall Declaration") in support of Teva's motion for a preliminary injunction. The Marshall Declaration helps demonstrate that Teva would be irreparably harmed in event this Court does not enter preliminary injunctive relief against defendants, but also contains confidential and proprietary business projections that establish with specificity the magnitude of the damages FDA's unlawful actions in this case threaten to impose on Teva. While such information is important for the disposition of this matter, it should be filed under seal to prevent non-parties, including Teva's competitors, from obtaining Teva's confidential proprietary information.

Federal Rule of Civil Procedure 26(c)(1)(G) permits a court to issue a protective order to require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."[1]  As the Supreme Court has explained, this rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  The Supreme Court has thus recognized that district courts often use protective orders in order to limit public access to trade secrets and confidential information. *See Fed. Open Market Comm. v. Merrill*, 443 U.S. 340, 362 n.24 (1979) ("Actually, orders forbidding any disclosure of trade secrets or confidential commercial information are rare.  More commonly, the trial court will enter a protective order restricting disclosure to counsel or to the parties.").

In crafting a protective order, a court may "limit the conditions, time, place, or topics of discovery; or limit the manner in which a trade secret or other confidential research, development, or commercial information may be revealed." *Burka v. United States Dep't of Health & Human Servs.*, 87 F.3d 508, 518 (D.C. Cir. 1996).  In exercising this discretion, "courts have long 'recognized that interests in privacy may call for a measure of extra protection,' even where the information sought is not privileged." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004).

Mr. Marshall's declaration contains confidential and proprietary business projections and trade secrets, including Teva's projections about its anticipated risperidone tablet sales under various scenarios, detailed information concerning internal production deadlines within the

---

[1] This rule is the former Rule 26(c)(7), which has been renumbered but has not changed substantively. *See* Fed. R. Civ. P. 26, Advisory Committee Notes, 2007 Amendment ("These changes are intended to be stylistic only.").

company's manufacturing segment, and costs associated with potential overproduction. Teva would suffer significant competitive harm if other drug companies, not involved in this litigation, were privy to the company's confidential sales projections and production information. At the same time, Teva has filed a redacted version of the affidavit in order to ensure that the declaration itself is available to members of the public who might be interested in the contents of the declaration. But the general public has relatively little interest in the specific confidential date currently redacted from the declaration.

Therefore, Teva respectfully requests that the Court permit the unredacted declaration to be filed under seal so that access may be limited solely to the Court and counsel for the parties in this case.

Dated: March 3, 2008

Respectfully submitted,

/s/

Jay P. Lefkowitz, P.C. (D.C. Bar No. 449280)
Michael D. Shumsky (D.C. Bar No. 495078)
Gregory L. Skidmore (D.C. Bar No. 974024)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000
(202) 879-5200 fax

*Counsel for Teva Pharmaceuticals USA, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, Inc. | ) |
| Plaintiff, | ) |
| v. | ) |
| MICHAEL O. LEAVITT, in his official capacity as Secretary of Health and Human Services; | ) Case No. _____ |
| ANDREW C. VON ESCHENBACH, M.D., in his official capacity as Commissioner of Food and Drugs; | ) |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, | ) |
| Defendants. | ) |

**[PROPOSED] ORDER**

Upon consideration of Teva Pharmaceuticals USA, Inc.'s ("Teva") Motion to File Under Seal the Unredacted Declaration of David Marshall, it is hereby:

**ORDERED** that the motion is **GRANTED**.

**DATED**: March __, 2008    _____
                              United States District Judge