**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
TEVA PHARMACEUTICALS USA, Inc.              )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )
                                            )
MICHAEL O. LEAVITT, in his official capacity)
as Secretary of Health and Human Services;  )   Case No. 08-395-RML
                                            )
ANDREW C. VON ESCHENBACH, M.D., in          )
his official capacity as Commissioner of Food and Drugs; )
                                            )
UNITED STATES FOOD AND DRUG                 )
ADMINISTRATION,                             )
                                            )
            Defendants,                     )
                                            )
MYLAN PHARMACEUTICALS INC.                  )
                                            )
            Proposed Intervenor-Defendant.  )
                                            )
_____)

**PLAINTIFF'S SUPERSEDING MOTION TO SET BRIEFING DEADLINES AND**
**SCHEDULE ORAL ARGUMENT**

Pursuant to Local Civil Rule 65.1(d), plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") hereby moves this Court to set briefing deadlines and schedule oral argument in the above-captioned case. Specifically, Teva asks the Court to require Mylan to file its brief in intervention—if any—by the close of business on Thursday, March 20; extend the deadline for Teva to file its reply brief in support of its Motion for Expedited Preliminary Injunctive Relief (the "Motion") from Friday, March 21 to Tuesday, March 25; and schedule a hearing for the evening of Wednesday, March 26 or Thursday, March 27.

Counsel for Teva has conferred with Drake S. Cutini, who represents the federal defendants ("FDA") in this action, and Lara FitzSimmons, who represents proposed intervenor Mylan Pharmaceuticals Inc. ("Mylan"), regarding this motion. FDA takes no position on the proposed briefing schedule, but does not object to the proposed hearing dates. Mylan objects to the proposed briefing schedule, and takes no position on the proposed hearing dates.

1. Teva filed this action on Tuesday, March 4, and the same day served FDA with the Complaint, Motion, Memorandum in Support of the Motion, and other associated papers.

2. FDA's memorandum in opposition to the Motion was due on Tuesday, March 11, *see* Local Civ. R. 65.1(c), but its counsel moved for a brief extension of time, to and including Friday, March 14.

3. On March 11—the same day FDA's memorandum in opposition would have been due—Mylan sought leave to intervene in this action. Although Mylan filed an answer to the Complaint at that time, it did not file a (proposed) brief in intervention.

4. FDA filed its memorandum in opposition to the Motion on Friday, March 14. Mylan did not file its brief in intervention at that time.

5. On March 14, Teva moved this Court to schedule oral argument for Monday, March 24. In its motion, Teva indicated that it expected to file its reply memorandum in support of the Motion by today—Wednesday, March 19—in order to provide this Court with sufficient time to consider the papers in advance of oral argument.

6. Nonetheless, Mylan still has not filed its brief in intervention. The undersigned counsel attempted to contact Mylan's counsel of record this morning in order to determine when Mylan intended to file its brief in intervention, but he was unavailable. The undersigned counsel then contacted Lara FitzSimmons, who also represents Mylan in this action. Ms. FitzSimmons

informed counsel that she did not know when Mylan intended to file its brief in intervention, but that Mylan would not be filing its brief today.

7. Teva has no objection to Mylan's intervention in this case. But Teva obviously has the right to respond to Mylan's brief (if it files one). Indeed, in similar cases, intervenors who oppose the entry of a temporary restraining order or expedited preliminary injunction typically are required to file their brief in intervention at the same time the opposing party's memorandum in opposition is due, so that the moving party may reply to both the defendant's and the intervenor's motion in a single brief prior to the court's hearing.

8. Requiring Mylan to file its brief by the close of business tomorrow, and extending the deadline for Teva to file its reply brief in support of its Motion, would serve the interests of judicial economy by (a) permitting Teva to respond to both opposing parties' arguments in a single, non-duplicative pleading, and (b) ensuring that this Court has sufficient opportunity to review all relevant papers prior to a hearing.

9. Mylan will not be prejudiced by the proposed deadline for its brief. Under Local Rule 65.1(c), a party's opposition to a motion for preliminary injunctive relief must be filed within five days of receiving the movant's papers. Yet eight days already have passed since Mylan moved to intervene in this case (and, in fact, filed its Answer to Teva's Complaint). There is, in short, no sound basis for allowing Mylan more time to file its brief in intervention in this expedited preliminary injunction case than the Rules give parties to file an opposition.

10. Finally, Teva needs to make *immediate* manufacturing, production, and packaging commitments, and the extent of those commitments depends on whether this Court orders defendants to award Teva 180-day marketing exclusivity under the Hatch-Waxman Act. *See* Decl. of David Marshall ¶¶ 16-18 (attached as Exh. 10 to the Memorandum); *see also id*. ¶ 14

(explaining that the award or denial of 180-day exclusivity would have a significant impact on Teva's anticipated market share—and, consequently, its production requirements—for generic risperidone tablets). Prompt resolution of the purely legal issue presented in the Motion thus will enable Teva to make appropriate resource commitments without adversely affecting the remainder of Teva's pipeline or delaying Teva's upcoming entry into the market for generic risperidone tablets. *See id.* at ¶¶ 17-18.

For the foregoing reasons, this Court should require Mylan to file its brief in intervention—if any—by the close of business on Thursday, March 20; extend the deadline for Teva to file its reply brief in support of its Motion for Expedited Preliminary Injunctive Relief (the "Motion") from Friday, March 21 to Tuesday, March 25; and schedule a hearing for the evening of Wednesday, March 26 or Thursday, March 27, at the Court's convenience.

Dated: March 19, 2008             Respectfully submitted,

                                   /s   Michael D. Shumsky

                                  Jay P. Lefkowitz, P.C. (D.C. Bar No. 449280)
                                  Michael D. Shumsky (D.C. Bar No. 495078)
                                  Gregory L. Skidmore (D.C. Bar No. 974024)
                                  KIRKLAND & ELLIS LLP
                                  655 Fifteenth Street NW, Suite 1200
                                  Washington, DC  20005
                                  (202) 879-5000
                                  (202) 879-5200 fax

                                  *Counsel for Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2008, I caused a copy of PLAINTIFF'S SUPERSEDING MOTION TO SET BRIEFING DEADLINES AND SCHEDULE ORAL ARGUMENT to be served upon the following attorneys through the Court's ECF filing system:

Drake S. Cutini
U.S. DEPARTMENT OF JUSTICE
Office of Consumer Litigation
P.O. 386
Washington, DC 20044
(202) 307-0044
Fax: (202) 514-8742
Email: drake.cutini@usdoj.gov

*Counsel for the Federal Defendants*

William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI SIWIK, LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
(312) 222-6301
Email: wrakoczy@rmmslegal.com

*Counsel for Proposed Intervenor Mylan Pharms. Inc.*

_____/s_____
Michael D. Shumsky
*Counsel for Teva Pharmaceuticals USA, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, in his official capacity )<br>as Secretary of Health and Human Services; )<br>)<br>ANDREW C. VON ESCHENBACH, M.D., in )<br>his official capacity as Commissioner of Food and Drugs; )<br>)<br>UNITED STATES FOOD AND DRUG )<br>ADMINISTRATION, )<br>)<br>Defendants, )<br>)<br>MYLAN PHARMACEUTICALS INC. )<br>)<br>Proposed Intervenor-Defendant. )<br>) | Case No. 08-395-RML |

**[PROPOSED] ORDER**

Upon consideration of Teva Pharmaceuticals USA, Inc.'s Superseding Motion To Set Briefing Deadlines and Schedule Oral Argument, it is hereby

**ORDERED** that Teva Pharmaceuticals USA, Inc.'s motion is **GRANTED**. Mylan shall file its brief in intervention by 5 p.m. on Thursday, March 20. Teva shall file its reply brief by 12 p.m. on Tuesday, March 25. Oral argument is scheduled for Wednesday, March 26, 2008, at 6 P.M.

**DATED**: March __, 2008

_____
United States District Judge