**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, Secretary of ) <br> Health and Human Services, ) <br> ) <br> ANDREW C. VON ESCHENBACH, ) <br> Commissioner of Food and Drugs, and ) <br> ) <br> U.S. FOOD AND DRUG ADMINISTRATION, ) <br> ) <br> Defendants, ) <br> ) <br> MYLAN PHARMACEUTICALS INC., ) <br> ) <br> Intervenor-Defendant. ) | Case No. 08-cv-395 (RCL) |

**DEFENDANT MYLAN PHARMACEUTICALS' SUPPLEMENTAL MEMORANDUM**
**IN OPPOSITION TO TEVA'S MOTION FOR A PRELIMINARY INJUNCTION**

In accordance with the Court's instructions at the hearing on April 4, 2008, Mylan Pharmaceuticals Inc. ("Mylan") respectfully submits this supplemental memorandum in opposition to Teva's motion for a preliminary injunction.

As Mylan pointed out in its opposition papers and during the hearing, Teva's claim is not a "purely legal" claim under the APA, but rather raises factual issues of estoppel and reliance. Teva repeatedly argues that that it was entitled to rely, and in fact did rely, solely on the printed version of the Orange Book and any alleged discrepancies or errors therein. Legal issues aside, the fact is that Teva likely did not rely solely on the printed version of the Orange Book. The Court should not permit Teva to argue otherwise now and seek extraordinary equitable relief when Teva itself likely knew all along—and certainly by the time Teva

voluntarily withdrew its paragraph IV certification—that the patent had been delisted prior to its ANDA submission. If so, this exposes Teva's entire claim for what it is—an attempt to obtain an undeserved windfall based on a patent that Teva knew no longer remained listed in the Orange Book, to the severe prejudice of companies such as Mylan. Mylan believes that discovery would confirm that Teva consulted, or as a sophisticated pharmaceutical company should have consulted, the electronic Orange Book, which admittedly evidenced the delisting of the '952 patent *before* Teva's ANDA submission.

During the hearing, Teva suggested that it could obviate the need for any discovery by merely stipulating to any necessary facts. The Court instructed Mylan to take that offer into consideration when submitting this supplemental memorandum. Accordingly, to obviate the need for any discovery in this matter, Mylan respectfully requests that Teva stipulate to the following facts:

- Prior to the submission of its risperidone ANDA No. 76-228, Teva knew about, and was aware of the existence of, the electronic version of the Orange Book and the electronic Orange Book query.

- Prior to the submission of its risperidone ANDA No. 76-228, Teva regularly consulted the electronic Orange Book in the course of its business.

- Prior to the submission of its risperidone ANDA No. 76-228, Teva relied on the electronic Orange Book in the course of its business.

- Teva consulted and checked the electronic Orange Book prior to the submission of its risperidone ANDA No. 76-228.

- Teva consulted and checked the electronic Orange Book prior to voluntarily withdrawing its paragraph IV certification.

- Teva knew that U.S. Patent No. 5,158,952 ("the '952 patent") had been delisted in connection with NDA No. 20-272 prior to Teva's submission of ANDA No. 76-228 based upon Teva's review of the electronic Orange Book.

- Teva knew that the '952 patent had been delisted prior to FDA's acceptance of Teva's ANDA submission based upon Teva's review of the electronic Orange Book.

- Teva knew that the '952 patent had been delisted prior to the voluntary withdrawal of its paragraph IV certification based upon its review of the electronic Orange Book.

Teva should stipulate to all of these facts, or else explain under oath why it refuses to do so.

Dated: April 9, 2008.                    Respectfully submitted,

                                         MYLAN PHARMACEUTICALS INC.

                                         By:    */s/ William A. Rakoczy*
                                                One of its attorneys

William A. Rakoczy, D.C. Bar No. 489082
Christine J. Siwik
Lara E. FitzSimmons
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
(312) 222-6301
(312) 222-6321 (facsimile)

*Counsel for Intervenor-Defendant,
Mylan Pharmaceuticals Inc.*

## CERTIFICATE OF SERVICE

      I, William A. Rakoczy, HEREBY CERTIFY that on this 9th day of April 2008, a true and correct copy of the foregoing **Defendant Mylan Pharmaceuticals' Supplemental Memorandum in Opposition to Teva's Motion for a Preliminary Injunction** was served via the Court's electronic filing system upon the following:

> Jay P. Lefkowitz
> Michael D. Shumsky
> Gregory L. Skidmore
> KIRKLAND & ELLIS LLP
> 655 15th Street N.W., Suite 1200
> Washington, D.C. 20005
> *Counsel for the Plaintiff Teva Pharmaceuticals USA, Inc.*
>
> Drake Cutini
> U.S. Department of Justice
> Office of Consumer Litigation
> Room 950 North
> 1331 Pennsylvania Ave., N.W.
> Washington, D.C. 20004
> *Counsel for the Federal Defendants*

                              */s/ William A. Rakoczy*
                              William A. Rakoczy
                              *Counsel for Mylan Pharmaceuticals Inc.*