IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TEVA PHARMACEUTICALS USA, INC.,          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )          Case No. 08-cv-395 (RCL)
                                         )
MICHAEL O. LEAVITT, Secretary of         )
Health and Human Services,               )
                                         )
ANDREW C. VON ESCHENBACH,                )
Commissioner of Food and Drugs, and      )
                                         )
U.S. FOOD AND DRUG ADMINISTRATION,       )
                                         )
            Defendants,                   )
                                         )
MYLAN PHARMACEUTICALS INC.,              )
                                         )
            Intervenor-Defendant.        )

## MOTION OF APOTEX, INC. TO INTERVENE AS A DEFENDANT

Apotex, Inc. ("Apotex") respectfully requests that this Court permit it to intervene as a

defendant in this lawsuit pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, Rule 24(b)(2)

for the purpose of pursuing an appeal of this Court's decision.

In this case the Court granted Plaintiff Teva Pharmaceuticals USA, Inc.'s ("Teva's")

request for an injunction awarding Teva 180 day exclusivity for its risperidone tablet

Abbreviated New Drug Application ("ANDA") and preventing the U.S. Food and Drug

Administration ("FDA") from approving other generic drug applications for risperidone tablets

until 180 days after Teva brings its tablets to market. Apotex has filed an ANDA seeking

approval to market generic risperidone tablets. Apotex expected to receive approval of its

ANDA in time to launch its generic risperidone tablets by June 29, 2008 and to begin

commercial marketing immediately. Under this Court's ruling, Apotex, a direct competitor of Teva, would be denied approval of its application to market risperidone tablets on June 29, 2008 when the listed patents and exclusivities for the brand drug, Risperidal, expire.

Apotex makes this timely motion to intervene to safeguard its substantial interests in the outcome of this litigation. Apotex's interests can only be protected if the Court of Appeals stays this Court's ruling pending appeal or is able to review this Court's decision and Order prior to June 29, 2008. If this motion is granted, Apotex intends to file a notice of appeal and immediately pursue the appropriate appellate remedies to obtain a stay of the District Court's ruling pending appeal, and/or review of the ruling on an emergency or expedited basis prior to the June 29, 2008 launch date.

The Federal Defendants and Mylan Pharmaceutical Inc. ("Mylan") defended FDA's administrative ruling denying Teva's request for exclusivity during the proceedings in this Court, but their actions following this Court's ruling are no longer adequate to safeguard Apotex's interest. Accordingly, Apotex's grounds to intervene arose post-judgment, when it became apparent that neither the Federal Defendants nor Mylan would immediately appeal this Court's decision, and that even if they appeal, may not prosecute the appeal timely so as to try to dissolve or stay the injunction prior to June 29, 2008. Under these circumstances, intervention as of right is appropriate. See, e.g., Smoke v. Norton, 252 F.3d 468 (D.C. Cir. 2001).

Throughout the proceedings before this Court, Mylan and the Federal Defendants defended FDA's administrative decision. As long as they did so, Apotex's interests were consonant with those of the Federal Defendants and Mylan, and its interests were adequately represented by the Federal Defendants and Mylan. Apotex, therefore, had no reason to

intervene. As of Friday, April 18, 2008, a week after the judgment was entered, however, neither has pursued an appeal.

FDA, as a regulatory authority, can no longer be expected to fully represent Apotex's interests. The Federal Defendants must complete an internal deliberative process in order to determine whether to appeal. It is not certain that the Federal Defendants will appeal. Moreover, FDA has no economic interest in this matter and, therefore, even if it appeals, it has no reason to seek to review or a stay of this Court's order pending appeal prior to June 29, 2008.

Mylan, for reasons that are not known to Apotex, has neither noticed an appeal nor taken immediate steps to ensure any appellate review can be completed prior to June 29, 2008. As of April 17, 2008, Mylan's counsel represented that Mylan had not decided whether to appeal the Court's Order. Delay may be in Mylan's interest, but is not in Apotex's interest. Thus, Mylan no longer represents Apotex's interests. Mylan and Apotex apparently have different commercial interests, as each seeks to maximize its share of the market for risperidone tablets. How Mylan will seek to do so appears now to depend on facts that are unique to its situation. Mylan's interest may be affected by such factors as its ability to enter into agreements with other pharmaceutical companies, or the effect of the ruling on other Mylan ANDAs. Apotex's interests can only be protected if the Court of Appeals is able to review this Court's decision prior to June 29, 2008 or stays this Court's ruling pending appeal. Mylan's delay in pursuing any appellate relief evidences its divergence from Apotex's interests. For these reasons, Mylan's participation in this litigation is no longer adequate to represent Apotex's interests.

For the reasons set forth above, and explained more fully in the accompanying Memorandum of Points and Authorities, Apotex respectfully requests that this Court grant its motion to intervene as a defendant for purposes of pursuing an appeal.[1]

FDA's counsel stated that the Federal defendants do not oppose Apotex's motion to intervene.  Counsel for Teva advised that Teva opposes the motion and intends to file an opposition.  Apotex's counsel telephoned and e-mailed counsel of record for Mylan on Friday, April 18, 2008, and telephoned again on Monday, April 21, 2008, to ascertain Mylan's position on the motion.  Mylan has not yet responded to these communications.

Dated:  April 21, 2008

Respectfully submitted,

Carmen M. Shepard
D.C. Bar No. 331314
Kate C. Beardsley
D.C. Bar No. 416806

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendant
 Apotex, Inc.

---

1. Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure and Local Rule 7(j), the Motion to Intervene is accompanied by an Answer, attached as Exhibit A.  If its Motion to Intervene is granted, Proposed-Intervenor Apotex will file a Notice of Appeal.  See Exhibit B.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC.,    ) | |
|                   ) | |
|       Plaintiff,            ) | |
|                   ) | |
|       v.                  ) | Case No. 08-cv-395 (RCL) |

TEVA PHARMACEUTICALS USA, INC.,

      Plaintiff,

      v.

MICHAEL O. LEAVITT, Secretary of
Health and Human Services,

ANDREW C. VON ESCHENBACH,
Commissioner of Food and Drugs, and

U.S. FOOD AND DRUG ADMINISTRATION,

      Defendants,

MYLAN PHARMACEUTICALS INC.,

      Intervenor-Defendant.

Case No. 08-cv-395 (RCL)

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION BY APOTEX, INC. TO INTERVENE AS
A DEFENDANT FOR THE PURPOSE OF PURSUING AN APPEAL

Apotex, Inc. ("Apotex") has moved to intervene in this action post-judgment for the purpose of pursuing an appeal. Apotex's considerable interest in the subject matter of this action is no longer being adequately represented by the existing parties. Accordingly, Apotex is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a). Apotex also satisfies the standards of Fed. R. Civ. P. 24(b) for permissive intervention.

This Court's April 11, 2008 Order awarded 180 day exclusivity to Teva Pharmaceuticals USA, Inc. ("Teva") for its risperidone Abbreviated New Drug Application ("ANDA") and enjoined the Food and Drug Administration ("FDA") from approving any applications for generic risperidone until Teva has exhausted this exclusivity. Apotex has filed an ANDA to market risperidone. It expects to be eligible for approval in time to begin the commercial

marketing of its generic risperidone tablets by June 29, 2008. Apotex therefore has an interest in the subject matter of this litigation which will be impaired unless this Court's Order is timely reviewed by the appellate court and/or this Court's order is stayed pending appeal.

While the existing parties' interests were consonant with those of Apotex prior to judgment, that is no longer the case. Apotex cannot be certain that the Federal Defendants or Mylan will move expeditiously to pursue immediate review and/or for a stay of this Court's final judgment and Order. Indeed, as of April 18, 2008, one week after entry of judgment, no defendant even had reached a decision as to whether it would appeal. Delay is not in Apotex's interest. Accordingly, Apotex's interests are no longer adequately represented by the parties.

Apotex's motion is timely and its participation will not delay these proceedings. As explained more fully below, the Court of Appeals for the District of Columbia Circuit has held intervention for the purpose of pursuing an appeal is appropriate under these circumstances.

I. Factual Background

The facts of this case have been extensively briefed by FDA, Mylan and Teva in the proceedings before this Court. Therefore, except for the facts directly bearing on Apotex's motion to intervene, they will not be repeated here.

Apotex is one of several generic manufacturers that have submitted abbreviated new drug applications (ANDAs) to market generic versions of risperidone tablets to compete with Janssen's risperidone product, Risperdal®. Declaration of Shashank Upadhye ("Upadhye Dec."), Exhibit C to Motion by Apotex, Inc. to Intervene as a Defendant at ¶7. Janssen Pharmaceutica, Inc. ("Janssen") is the holder of the original approval (the "NDA") for risperidone. FDA Response to Teva's Citizen Petition ("Resp."), Docket No. 2007 P-0316/CPI and CRI, Teva's Mot. for Ex. Prelim. Inj. Relief, Exh. 2 at 4.

When an applicant such as Janssen submits an NDA, it is required to provide information on patents that claim the drug for which the applicant is submitting the application. 21 U.S.C. § 355(b)(1). Janssen submitted patent information to FDA regarding U.S. Patents Nos. 4,804,633

("the '663 patent") and 5,158,952 ("the '952 patent"). Resp. at 4. By June of 2001, Janssen had withdrawn the patent information on the '952 patent. Id. Currently, only the '663 patent has been identified by Janssen as a patent that claims the drug.

When an applicant submits an ANDA, it must provide a certification to all patents that claim the drug. 21 U.S.C. § 355(j)(2)(A)(vii) (2001). Teva submitted an ANDA containing certifications to both the '663 and '952 patents. FDA rejected the certification to the '952 patent because Janssen had withdrawn the information on that patent, and Teva corrected the ANDA by changing its certification to the '952 patent. Resp. at 5. Other ANDA applicants, including Apotex, submitted certifications only to the '663 patent.

Until June 29, 2008, no ANDA for a generic version of risperidone may be approved. On that date, the '663 patent will no longer bar generic approvals. Anticipating the date for ANDA approvals, Teva filed a citizen petition with FDA asserting that FDA should have accepted its certification to the '952 patent, and that, as the first ANDA applicant to make a paragraph IV certification to the '952 patent, it is entitled to 180 days of exclusivity. See Teva's Mot. for Exp. Prelim. Inj. Relief at Exh. 1. Teva argued that FDA should have accepted its certification to the '952 patent because, even though Janssen had withdrawn the information on the '952 patent, FDA had not published that information in printed form. Id. When FDA denied the citizen petition, explaining that it made decisions based on the information currently available, Teva filed this action. This Court disagreed with FDA's decision, accepted Teva's argument, and has enjoined FDA from approving any other ANDA during Teva's exclusivity. Order, Apr. 11, 2008.

Any delay in obtaining review of this Court's decision, and/or failure to pursue a stay of the order pending appeal would substantially impair Apotex's considerable interests. Apotex seeks to intervene in this action for purpose of pursuing an appeal so its interest can be adequately protected.

II. Legal Standard for a Motion to Intervene.

The requirements for intervention following a judgment for purposes of pursuing an appeal are the same as those governing any intervention. United Airlines v. McDonald, 432 U.S. 385, 395-96 (1977). In relevant part, Rule 24(a) provides that:

> Upon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2). Thus, a prospective intervenor must be permitted to intervene if the applicant claims an interest in the subject matter of the case, if the disposition of the case stands to impair that interest, if the applicant's interest is not adequately represented by the existing parties and if it timely seeks intervention. Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004). Apotex satisfies each of these requirements.

Post judgment intervention is often permitted and is appropriate where the prospective intervenor's interest did not arise until the appellate stage. Acree, 370 F.3d 41, 50 citing to Wright & Miller, § 1916. In Smoke v. Norton, 252 F.3d 468 (D.C. Cir. 2001), for example, the appellants - officers of the Saint Regis Mohawk Tribal Government -- did not intervene in an ongoing case to protect their interest while the case was being litigated before the District Court. Instead, they sought to intervene after summary judgment was entered in the case, for the purpose of taking an appeal because it was uncertain whether the Federal Defendants would appeal. The District Court denied their motion to intervene because it deemed the intervention had not been timely filed. The Court of Appeals reversed, holding that the District Court erred in denying the motion to intervene.

The Court of Appeals held that the appellants in Smoke v. Norton had not been required to intervene during the proceedings because, at that time, the government was adequately representing their interests by defending an agency decision. The appellate court held that the

motion to intervene was timely made when it became apparent that the government might not appeal the District Court's decision.

Apotex is in an analogous posture, and like the appellants in <u>Smoke v. Norton</u>, has satisfied the requirements for intervention as of right under Rule 24(a)(2) and for permissive intervention under Rule 24(b)(2).

III.  <u>Apotex's Motion is Timely and Will Not Unduly Delay the Proceedings.</u>

Timeliness is judged in consideration of all circumstances, including the purpose for which intervention is sought and the need for intervention as a means of preserving the applicant's rights. <u>Smoke v. Norton</u>, 252 F.3d at 471, <u>citing</u> <u>United States v. AT&T</u>, 642 F.2d 1285, 1295 (D.C. Cir. 1980). A post-judgment motion to intervene for the purpose of pursuing an appeal is timely when the divergence of interests between the existing parties and the applicant arises after judgment. <u>Smoke v. Norton</u>, 252 F.3d 470. Apotex filed this motion within 10 days after the judgment, and as soon as it became apparent that the existing defendants had delayed in seeking appellate review. <u>See</u> Upadhye Dec. at ¶¶10-12. Under these circumstances, there can be no doubt that Apotex's motion is timely. <u>See</u> <u>United Airlines v. McDonald</u>, 432 U.S. at 385 (holding that intervention for purpose of pursuing an appeal filed less than three weeks after final judgment was timely).

Apotex's intervention clearly will cause no delay in the resolution of this case, as Apotex seeks only to appeal. Apotex does not seek to interject additional arguments or request additional proceedings before the Court. Where a party seeks to intervene only to participate at the appellate stage and not in any further trial proceedings, its intervention does not prejudice any existing parties. <u>Dimond v. District of Columbia</u>, 792 F.2d 179, 193 (D.C. Cir. 1986). The existing parties do not have a legitimate interest in avoiding review. To the contrary, there is a substantial interest in assuring that the Court appropriately interpreted the governing law. <u>See</u> <u>Acree</u>, 370 F.3d at 50 (finding no prejudice arising from intervention that enables appellate review).

IV.  Apotex's Interest Is Not Adequately Represented By the Existing Parties.

The requirement that an intervenor show that the existing parties do not adequately represent the proposed intervenor is not onerous.  Fund for Animals v. Norton, 322 F.3d 728, 735 (D.C. Cir. 2003).  An intervenor need only show that representation of its interest "may be" inadequate – not that it will in fact be inadequate, Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986), and the burden of making this showing is "minimal," Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972) (quoting Moore's Federal Practice).

The requirement for inadequacy of representation by existing parties is satisfied in this instance.  First, the plaintiff's interests in this case are squarely adverse to Apotex's.  See Upadhye Dec. at ¶15.  Teva seeks to avoid competing with Apotex in the market for risperidone tablets for 180 days.  Accordingly, it does not in any way represent Apotex's interests.

Second, the Federal Defendants represent a different set of interests from those Apotex seeks to protect.  There is no certainty that the Federal Defendants will seek review of this Court's decision.  Even if the Federal Defendants appeal, the Federal Defendants have neither a commercial nor financial interest in this case to seek a stay of this Court's order pending appeal.  Indeed, in a similar situation, the Federal Defendants did not seek a stay of the District Court order pending appeal.  Ranbaxy Labs. Ltd. v. Leavitt, 469 F.3d 120 (D.C. Cir. 2006).  Apotex, by contrast, has an independent interest in the outcome of this case that can only be protected by immediate pursuit of all its appellate remedies.  Upadhye Dec. at ¶14.  As the D.C. Circuit has concluded, "governmental entities do not adequately represent the interests of aspiring intervenors."  Fund for Animals, 322 F.3d at 736; see also People for the Ethical Treatment of Animals v. Babbitt, 151 F.R.D. 6, 8 (D.D.C. 1993).

Third, neither Mylan nor any other generic company would adequately represent Apotex's interest.  While Apotex's and Mylan's positions initially may have been similar, they now are quite different.  First, while Mylan supported FDA's decision before this Court, it failed to take any steps to obtain appellate review for a week after the judgment was entered.  Delay is

not in Apotex's interest. Even if Mylan does eventually appeal, its delay in doing so evidences that it no longer adequately represents Apotex's interest. Apotex can have no certainty that Mylan would pursue appellate court review so as to safeguard Apotex's interest.

Second, each generic company faces unique factual situations that may dictate positions that differ in subtle but important respects. Upadhye Dec. at ¶¶12-13. "[A] partial congruence of interests . . . does not guarantee the adequacy of representation." Fund for Animals, 322 F.3d at 737. Mylan and Apotex have different commercial interests, as each will seek to maximize its share of sales. How Mylan will seek to do so will likely depend on facts that are unique to its situation, and may even include the ability to enter into agreements with Teva, Janssen, or other companies. The commercial and financial differences between Apotex and Mylan alone are enough to satisfy the requirements for intervention. As the Court of Appeals for the District of Columbia has held, interests need not be wholly adverse before concluding that existing representation may be inadequate. Id.

V. Apotex Has An Interest in the Subject Matter of the Case Which Will Be Impaired by Failure to Promptly Appeal this Court's Decision.

Apotex has a substantial interest in this action because it is committed to launch its risperidone tablets immediately upon the expiration of the '663 patent and its pediatric exclusivity. See Upadhye Dec. at ¶8. This commercial and legal interest constitutes an interest in the property or transaction which is the subject of the action sufficient to satisfy Rule 24(a)(2). The courts have routinely allowed competing drug manufacturers to intervene in actions involving FDA drug approval and exclusivity decisions so that manufacturers may protect their unique and substantial interests. See, e.g., Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1074-1076 (D.C. Cir. 1998); Torpharm, Inc. v. Thompson, 260 F. Supp. 2d 69 (D.D.C. 2003), aff'd 354 F.3d 877 (D.C. Cir. 2004); Purepac Pharm. Co. v. Thompson, 238 F. Supp. 2d 191 (D.D.C. 2002), aff'd 354 F.3d 877 (D.C. Cir. 2004); Teva

Pharms. Indus., LTD v. FDA, 355 F. Supp. 2d 111 (D.D.C. 2004); Purepac Pharm. Co. v. Friedman, 162 F.3d 1201, 1202 n.2 (D.C. Cir. 1998); Merck & Co. v. FDA, 148 F. Supp. 2d 27 (D.C.C. 2001).

The impairment to Apotex's interest from the Court's ruling if it is not timely stayed or reversed likewise is sufficient to qualify for intervention as of right. Courts must look to the "'practical consequences' of denying intervention" to determine whether an interest will be impaired. Fund for Animals, 322 F.3d at 735. In this case, the consequence of failing to pursue immediate appellate remedies is that Apotex would face the immediate harm to its substantial interests for which it would be unable to obtain recovery. See Declaration of Tammy McIntire, Exhibit D to Motion By Apotex, Inc. to Intervene as a Defendant. The injury to Apotex is directly traceable to the judgment in this case -- the grant of 180-day exclusivity and the exclusion of Apotex for 180 days from the market for risperidone. A decision on appeal favorable to the defendants, rejecting Teva's legal challenge, or a stay pending appeal, would prevent that loss from occurring. Thus, Apotex can demonstrate both the substantial interest and impairment necessary to satisfy Rule 24(a)(2).

<u>CONCLUSION</u>

For the reasons set forth above, Apotex meets the test for intervention as of right and its motion to intervene should be granted.  In the alternative, the Court should allow Apotex to intervene pursuant to Rule 24(b)(2).

Respectfully submitted,

Carmen M. Shepard
D.C. Bar No. 331314
Kate C. Beardsley
D.C. Bar No. 416806

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-
    Defendant, Apotex, Inc.

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Motion of Apotex, Inc. to Intervene as a Defendant,

the exhibits thereto, Memorandum of Points and Authorities in Support of Apotex, Inc.'s Motion

to Intervene, Proposed Order, and Certificate Under LCvR 7.1, were served as follows:

By first class mail, postage pre-paid and by electronic mail upon:

Jay P. Lefkowitz, Esq.
Michael D. Shumsky, Esq.
Gregory L. Skidmore, Esq.
Kirkland & Ellis LLP
655 15th Street, NW
Washington, D.C. 20005
(202) 879-5040
e-mail: JLefkowitz@kirkland.com
MShumsky@kirkland.com
GSkidmore@kirkland.com

Drake S. Cutini, Esq.
Office of Consumer Litigation
U.S. Department of Justice
National Place Building
Room 950 N
1331 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 307-0044
e-mail: Drake.Cutini@usdoj.gov

Shoshana Hutchinson, Esq.
Office of Chief Counsel
Food and Drug Administration
5600 Fishers Lane (GCF-1)
Rockville, MD 20857
e-mail: Shoshana.hutchinson@fda.hhs.gov

William A. Rakoczy, Esq.
Rakoczy Molino Mazzochi Siwik, LLP
6 West Hubbard Street
Suite 500
Chicago, IL  60610
(312) 222-6301
e-mail: wrakoczy@rmmslegal.com

Carmen M. Shepard

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-cv-395 (RCL) |
| MICHAEL O. LEAVITT, Secretary of ) Health and Human Services, ) | |
| ANDREW C. VON ESCHENBACH, ) Commissioner of Food and Drugs, and ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, ) | |
| Defendants, ) | |
| MYLAN PHARMACEUTICALS INC., ) | |
| Intervenor-Defendant. ) | |

PROPOSED INTERVENOR-DEFENDANT APOTEX, INC.'S ANSWER

Proposed Intervenor-Defendant Apotex, Inc. ("Apotex") hereby answers the like-numbered paragraphs of plaintiff Teva Pharmaceuticals USA, Inc.'s ("Teva") Complaint as follows:

NATURE OF THE ACTION

1.    Apotex admits that Teva brings this suit to seek relief against FDA, including an award of 180-day exclusivity for generic Risperidone tablets, but denies that Teva is entitled to such relief, and denies all other allegations contained in paragraph 1.

2.    Apotex denies the allegations contained in paragraph 2 except that it admits that risperidone is the active ingredient in Janssen Pharmaceutica's Risperdal® tablets.

3.    Apotex denies the allegations contained in paragraph 3 except that it admits that Congress instituted the 180-day exclusivity period to encourage patent challenges and thereby increase competition.

4.    Apotex denies the allegations contained in paragraph 4 except that it admits that FDA informed Teva that it had delisted U.S. Patent No. 5,158,952 prior to the submission of Teva's ANDA for risperidone tablets.

5.    Apotex denies the allegations contained in paragraph 5 except admits that Teva submitted the referenced Citizen Petition, dated August 3, 2007, which FDA denied.

6.    Denied.

7.    Apotex denies that Teva is entitled to any relief in this action, but admits that Teva seeks relief.

PARTIES

8.    Apotex is without knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

9.    Admitted.

10.    Admitted.

11.    Admitted

JURISDICTION AND VENUE

12.    The allegations contained in paragraph 12 constitute legal conclusions as to which no response is required.

13.    The allegations contained in paragraph 13 constitute legal conclusions as to which no response is required.

FACTUAL ALLEGATIONS
The Relevant Statutory Framework

14.    Denied.  To the extent paragraph 14 purports to summarize the contents of Pub. L. No. 108-173 § 1101(c)(1), Pub. L. 110-85 and the Federal Food, Drug, and Cosmetic Act, Apotex respectfully refers the Court to the full text thereof.

15.    The first two sentences of paragraph 15 are admitted.  The remainder of this paragraph purports to summarize the purpose of 21 U.S.C. § 355, and Apotex respectfully refers the Court to the full text thereof.

16.    Because paragraph 17 purports to summarize the contents of 21 U.S.C. § 355(j), Apotex respectfully refers the Court to the full text thereof.

17.    Denied.  To the extent this paragraph purports to summarize the requirements of 21 U.S.C. § 355(j) and the holdings of Apotex, Inc. v. Thompson, 347 F.3d 1335, 1350 (Fed. Cir. 2003) and Sandoz, Inc. v. FDA, 439 F. Supp. 2d 26, 31 (D.D.C. 2006), Apotex respectfully refers the Court to the full text thereof.

18.    Denied.  To the extent this paragraph purports to summarize the statutory requirements governing the application for, and approval of, generic drugs, Apotex respectfully refers the Court to the full text of 21 U.S.C. § 355.

19.    Because paragraph 19 purports to summarize the design and effects of statutory requirements governing the application for, and approval of, generic drugs, Apotex respectfully refers the Court to the full text of 21 U.S.C. § 355.

20.    Because paragraph 20 purports to summarize the intent of and describe the statutory requirements governing the application for, and approval of, generic drugs, Apotex respectfully refers the Court to the full text of 21 U.S.C. § 355.

21.    Because paragraph 21 purports to describe the statutory requirements governing the application for, and approval of, generic drugs, Apotex respectfully refers the Court to the full text of 21 U.S.C. § 355.

22.    Because paragraph 22 purports to describe the statutory requirements governing the application for, and approval of, generic drugs, Apotex respectfully refers the Court to the full text of 21 U.S.C. § 355.

23.     Because paragraph 23 purports to describe the purpose of and the statutory requirements governing the application for, and approval of, generic drugs, Apotex respectfully refers the Court to the full text of 21 U.S.C. § 355 for these requirements.

24.     Admitted.

25.     Denied for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 except that Apotex admits that, according to the Orange Book, the '663 patent expired on or about December 29, 2007 and that the Orange Book indicates that Janssen's period of pediatric exclusivity expires on June 29, 2008.

26.     Denied.

27.     Denied, except that Apotex admits that Teva submitted an ANDA.

28.     Denied.

29.     Denied.

30.     To the extent paragraph 30 purports to summarize the contents of the FDA letter attached as Exhibit 5 to the Complaint, Apotex respectfully refers the Court to the full text thereof.  Apotex denies the remaining allegations contained in paragraph 30.

31.     Denied.

32.     Denied.

33.     To the extent paragraph 33 purports to summarize the holding and opinion in Ranbaxy Laboratories Ltd. v. Leavitt, 469 F.3d 120 (D.C. Cir. 2006), Apotex respectfully refers the Court to the full text thereof.

34.     Apotex  lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34.

35.     Apotex admits that Teva submitted a Citizen Petition to FDA, dated August 3, 2007 and that such petition was assigned Docket No. 2007P-0316.  To the extent this paragraph purports to summarize the content of the petition, Apotex respectfully refers the Court to the full

content thereof, which is contained in Exhibit 1 of Teva's Motion for Expedited Preliminary

Injunctive Relief.

36.    Admitted

37.    Apotex admits the allegations in the first sentence of paragraph 37.  Apotex

further admits that FDA will be free to grant final approval to any otherwise approvable ANDA

for generic risperidone tablets once the pediatric exclusivity for Risperdal has expired.  Apotex

denies that Teva is entitled to 180-day exclusivity for its risperidone tablet ANDA.


FIRST CAUSE OF ACTION
(Violation of the FDCA and the APA)

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

PRAYER FOR RELIEF

Apotex denies that Teva is entitled to any of the relief prayed for in its Complaint, or to

any relief whatsoever.

Apotex further denies each allegation not specifically admitted or otherwise responded to

herein.

ADDITIONAL DEFENSEES

First Defense

43.    The Complaint fails to state a claim upon which relief can be granted.

Second Defense

44.    Teva is barred from obtaining injunctive relief by virtue of its unclean hands.

5

Third Defense

45.    Teva is barred from obtaining injunctive relief based on the defenses revealed by the administrative record, including, but not limited to laches, acquiescence, waiver, consent and equitable estoppel.

Dated: April 21, 2008                              Respectfully submitted,

                                                   Carmen M. Shepard
                                                   D.C. Bar No. 331314
                                                   Kate C. Beardsley
                                                   D.C. Bar No. 416806

                                                   Buc & Beardsley
                                                   919 Eighteenth Street, N.W.
                                                   Suite 600
                                                   Washington, D.C. 20006
                                                   (202) 736-3600

                                                   Counsel for Proposed Intervenor-
                                                   Defendant Apotex, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-cv-395 (RCL) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) ) ) | |
| ANDREW C. VON ESCHENBACH, Commissioner of Food and Drugs, and | ) ) ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) ) | |
| Defendants, | ) ) | |
| MYLAN PHARMACEUTICALS INC., | ) ) | |
| Intervenor-Defendant. | ) ) | |

## NOTICE OF APPEAL

Notice is hereby given that Apotex, Inc. hereby appeals to the United States Court of

Appeals for the District of Columbia Circuit from the judgment of this Court entered on the day

of April 11, 2008 in favor of Plaintiff Teva Pharmaceuticals USA, Inc.; declaring that the

purported delisting of the '952 patent was unlawful; ordering defendants to relist the '952 patent

and to restore plaintiff's Patent IV certification to the '952 patent *nun pro tunc*; and enjoining

defendants from approving any abbreviated new drug applications for generic risperidone tablets

until expiration of plaintiff's period of 180-day generic marketing exclusivity.

Dated:  April 21, 2008

Respectfully submitted,

Carmen M. Shepard
D.C. Bar No. 331314
Kate C. Beardsley
D.C. Bar No. 416806

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendant
    Apotex, Inc.

**CLERK** Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Counsel for Proposed Intervenor-Defendant,
Apotex, Inc.

Carmen M. Shepard
Kate C. Beardsley
Buc & Beardsley
919 Eighteenth Street, N.W., Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Intervenor-Defendant,
Mylan Pharmaceuticals Inc.

William A. Rakoczy
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610

Counsel for Defendants
Michael O. Leavitt,
Andrew C. Von Eschenbach, and
U.S. Food and Drug Administration

Drake Cutini
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044

Shoshana Hutchinson
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD 20857

Counsel for Plaintiff,
Teva Pharmaceuticals USA, Inc.

Jay P. Lefkowitz
Kirkland & Ellis LLP
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-cv-395 (RCL) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) | |
| ANDREW C. VON ESCHENBACH, Commissioner of Food and Drugs, and | ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) | |
| Defendants, | ) | |
| MYLAN PHARMACEUTICALS INC., | ) | |
| Intervenor-Defendant. | ) | |

## DECLARATION OF SHASHANK UPADHYE

I, SHASHANK UPADHYE, declare as follows:

1. I am Vice President, Global Intellectual Property for Apotex, Inc. ("Apotex"). Apotex develops and manufactures generic drugs for sale in the United States and throughout the world.

2. I have personal knowledge of the facts set forth herein, or believe them to be true based on my experience in the pharmaceutical industry and information I have received in the course of my duties, and am competent to testify to the same.

3. In my current position, I am the chief attorney responsible for counseling Apotex on intellectual property and related FDA regulatory laws, rules, and regulations. Prior to joining Apotex, I held similar positions with other generic drug manufacturers.

4.  I am familiar with the requirements and practices of companies that file abbreviated new drug applications.  I have counseled Apotex, and others, on its legal strategies related to patents, Orange Book listings, 180-day exclusivity, and associated legal issues.

Apotex Has an Interest in this Matter

5.  Janssen holds the approved New Drug Application ("NDA") for risperidone tablets, NDA No. 02-0272, which it markets under the brand name Risperidal®.  Janssen also holds approvals for and markets risperidone in oral solution and as an intramuscular injectable.

6.  Janssen has provided information to FDA that one patent claims risperidone tablets, U.S. Patent No. 4,804,663 ("the '663 patent").  The '663 patent expired on December 29, 2007, and its pediatric exclusivity expires June 29, 2008.

7.  Apotex filed an Abbreviated New Drug Application ("ANDA") to market generic risperidone tablets.  FDA has received and reviewed Apotex's risperidone ANDA.  Based on information received from FDA, Apotex expects that its application would have been approved on June 29, 2008, if Teva had not been awarded 180-day exclusivity by this Court.

8.  Apotex is prepared to commercially launch its generic risperidone tablets on June 29, 2008.

9.  As detailed in the Declaration of Tammy L. Mcintire, Apotex will be seriously harmed if the District Court's award of exclusivity to Teva is not reversed.

Apotex's Interest Is Not Adequately Represented by Mylan or FDA

10. When Teva filed this lawsuit, Apotex did not immediately intervene because it believed that its interests in defending FDA's administrative decision denying Teva's request for 180-day exclusivity were fully consonant with those of FDA and Mylan, and that its interests would be adequately represented by FDA and Mylan.  Its interests have now diverged from those of FDA

and Mylan.

11. Delay is not in Apotex's interest. Apotex's interests can only be protected if the Court of Appeals is able to review this Court's decision prior to June 29, 2008.

12. As of April 11, 2008, Mylan has indicated it has not decided whether to appeal the Court's order and, even if it does, it may not seek expedited or emergency review. For these reasons, Mylan's participation in this litigation is inadequate to represent Apotex's interests.

13. Mylan and Apotex also have different commercial interests, as each will seek to maximize its share of the market for risperidone tablets. How Mylan will seek to do so will likely depend on facts that are unique to its situation, and may even include its ability to enter into agreements with Teva, Janssen, or other companies.

14. FDA has not decided whether to pursue an appeal. FDA, a governmental agency, clearly has interests that are distinct from those of Apotex. While FDA may determine that it has a sufficient interest in the overall outcome of this litigation, to pursue an appeal, FDA has no commercial interest in ensuring that Apotex's ANDA can be approved by June 29, 2008.

15. The award to Teva of 180 day exclusivity does not require Teva to actually launch on June 29, 2008, thereby triggering the 180 day exclusivity. Teva's launch is simply permissive. It is possible that events could delay its launch. Teva and Janssen could, for example, enter into a contract that delays Teva's launch. In addition, because Teva now has 180 day exclusivity, but didn't have it before, it's possible that Teva will have to undertake additional preparations in order to have sufficient product to launch for such a large market. Any delay in launching necessarily delays approval of any generic competitors.

Generic Manufacturers Were Aware in 2001 that the Electronic Orange Book Contained the
Most Current Patent Information

16. In 2001, the generic industry was aware that the printed version of the Orange Book,
including its printed cumulative supplements, could not and did not contain the most current
patent information for approved drugs. The electronic version of the Orange Book on FDA's
web page contained more current information, but even that did not necessarily contain complete
information on all patents that claimed an approved drug and as to which a claim of patent
infringement could reasonably be asserted, which is the statutory criteria for listing of patents.

17. In 2001, and even today, it was well known that there typically is a lag between the
submission of patent information (including new listings and delistings), and its publication in
both the printed and electronic Orange Book.

18. In 2001, and today, it was well known in the generic industry that it is FDA's practice to
treat a drug as a listed drug on its approval date and, in determining whether a patent is listed or
is not listed, to use the most current patent information the agency has received.

Apotex Has Been Prejudiced By Teva's Delay

19. In 2001, Apotex and Janssen were involved in patent litigation over risperidone tablets.
The patent litigation did not include U.S. Patent No. 5,158,952 ("the '952 patent") because
Janssen did not assert that the '952 patent claimed risperidone. Janssen had notified FDA that it
was withdrawing the patent information on the '952 patent previously submitted to FDA.

20. Had Teva timely submitted its citizen petition arguing that Teva's ANDA should be
allowed to contain a paragraph IV certification to the '952 patent and that the '952 patent should
remain in the Orange Book, Apotex would have been on notice of the dispute. Had it known that
there was even a remote possibility that the patent would remain in the Orange Book, Apotex
would have sought a declaratory judgment that the '952 patent was invalid or not infringed. A

declaratory judgment would have triggered any 180-day exclusivity that Teva might have had, so that any alleged exclusivity would have run long before June 29, 2008.  This is a strategy Apotex has pursued in other cases and could have pursued here, were it not for Teva's delay in asserting its claim to exclusivity.  See, e.g., Merck v. Apotex, No. 2007-1362 (C.A.F.C. appeal docketed May 29, 2007); Janssen Pharma v. Apotex, No. 2008-1062 (C.A.F.C. appeal docketed Oct. 25, 2007).

Pursuant to 28 U.S.C. §1746(2), I hereby declare under the penalty of perjury that the foregoing is true and correct.

Signed on this day, _21 Apr. 2008_

_(signature)_

Shashank Upadhye, Esq.


Shashank Upadhye, Esq.
Vice President – Global Head of Intellectual Property
Apotex, Inc.
150 Signet Drive
Toronto, Ontario, Canada

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-cv-395 (RCL) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) ) ) ) | |
| ANDREW C. VON ESCHENBACH, Commissioner of Food and Drugs, and | ) ) ) ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) ) | |
| Defendants, | ) ) ) | |
| MYLAN PHARMACEUTICALS INC., | ) ) | |
| Intervenor-Defendant. | ) ) | |

DECLARATION OF TAMMY L. MCINTIRE

I, TAMMY L. MCINTIRE, declare as follows:

1. I am President of Apotex Corp., which has an office in Weston, Florida. Apotex Corp. is a Delaware Corporation that acts as the United States marketing and sales agent for Apotex, Inc., a Canadian-based pharmaceutical company that develops and manufactures generic drugs for sale in the United States and throughout the world.

2. I have personal knowledge of the facts set forth herein, or believe them to be true based on my experience in the pharmaceutical industry and information I have received in the course of my duties, and am competent to testify to the same.

3. I hold a Bachelor of Science degree in Pharmacy from Ohio Northern University and a Masters of Pharmaceutical Administration from the Ohio State University. I have been

employed continuously by Apotex Corp. since December of 1998.

4.   Prior to my employment with Apotex Corp., I was Vice-President of Product Management for Cardinal Distributors, Inc., a leading wholesaler of generic drugs. In that position, I was responsible for annual purchases of more than one billion dollars of generic drug products.

5.   I am familiar with all aspects of marketing generic drugs, including setting the appropriate price, developing strategies to maximize market share for the generic, and ensuring that the generic product reaches the pharmacies where it is needed.

6.   I am also familiar with the benefit that FDA-approved generic products provide to the end consumer user. Generic products help to lower the cost of medications for the ultimate consumer while ensuring that they are getting approved products. In many cases, affordable generic products are the only available way for people who cannot afford brand name drugs to receive the medication they need.

7.   I am familiar with the process of acquiring FDA approval of a generic drug product and the consequences for consumers and other generic companies of awarding 180-day exclusivity to one generic company during which it may market and sell its product without other generic competition for 180 days (i.e. six months).

Harm to Consumers

8.   The generic drug industry is highly competitive. While the first generic entrant typically can be expected to sell the drug at a discount from the brand in order to gain market share, the price declines much further when there is full generic competition.

9.   Janssen's risperidone tablet product, Risperdal®, is one of the most widely prescribed drugs with sales of nearly $2.56 billion in 2007. Janssen's published average wholesale price for

Risperidal is $3.90 per tablet.

10. Prior to the decision in this case, we anticipated that approximately five to six generic companies would be entering the market once the pediatric exclusivity for Risperdal expires on June 29, 2008.

11. When generic competition begins on June 29, 2008, consumers can expect to see lower prices immediately. The anticipated savings for consumers will not be as great if Teva is the only generic manufacturer who can market during the first six months.

12. If Teva's product is the only generic product approved for six months, patients and third-party payers (including Medicaid) will be harmed because they will pay higher prices for both brand name and generic risperidone. Because risperidone is used by such a large portion of the U.S. population, the harm to patients and third-party payers would be substantial.

<u>Harm to Apotex</u>

13. Apotex will suffer substantial harm as a result of this Court's Order.

14. If Teva succeeds in preserving the exclusivity awarded by this Court's Order, Teva will obtain a substantial advantage in capturing market share for risperidone tablets while Apotex and other generic competitors are excluded.

15. Experience teaches that, in the generic drug industry, sales lost in the first six months due to a competitor's 180-day exclusivity are rarely recovered. The first generic entrant usually obtains access to customers because it is the sole supplier of the generic drug. It can often enter into long-term contracts that make it difficult for other applicants to do business with the customer even after the six months of exclusivity have expired. Subsequent entrants find it difficult to obtain significant market share. In addition, the first entrant's sole supplier status may be used to leverage sales of other products, to the detriment of others seeking those

products.

16. Based on my experience, I have determined that, if Apotex receives final approval in June 2008, and competes with Teva and other generic companies, Apotex can expect approximately a 25% share of the generic market.  Apotex sales would be expected to be about $14.2 million for the first 12 months post-launch.  If, however, Apotex is prohibited from launching until 180 days after Teva launches, it will be lucky to obtain a 10% market share and receive yearly revenues of approximately $600,000.

17. If Apotex is allowed to compete in the marketplace beginning in June 2008, risperidone is projected to be one of Apotex's top five best selling drugs.  The loss of sales and profits from Apotex's inability to market risperidone during a period of exclusivity for Teva would have a material effect on Apotex.

18. If Teva is awarded exclusivity, Apotex would be deprived of substantially all of the $7.5 million in projected risperidone profits it expects to make during the first six months of marketing alone, despite the several millions of dollars in development costs incurred preparing for the development and marketing of generic risperidone.

19. The harm to Apotex cannot be redressed through any legal remedy.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of April, 2008

*Tammy McIntire*
TAMMY L. McINTIRE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 08-cv-395 (RCL) |
| | ) |
| MICHAEL O. LEAVITT, Secretary of | ) |
| Health and Human Services, | ) |
| | ) |
| ANDREW C. VON ESCHENBACH, | ) |
| Commissioner of Food and Drugs, and | ) |
| | ) |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MYLAN PHARMACEUTICALS INC., | ) |
| | ) |
| Intervenor-Defendant. | ) |

CERTIFICATE UNDER LCvR 7.1

Pursuant to LCvR 7.1 of the Local Rules of the United States District Court for the

District of Columbia:

I, the undersigned, counsel of record for Apotex, Inc. ("Apotex"), certify that to the best

of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of

Apotex which have securities in the hands of the public:

None

These representations are made in order that judges of this court may determine the need for recusal.

Dated:  April 21, 2008                    Respectfully submitted,

Carmen M. Shepard
D.C. Bar No. 331314
Kate C. Beardsley
D.C. Bar No. 416806


Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendant
Apotex, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-cv-395 (RCL) |
| MICHAEL O. LEAVITT, Secretary of Health and Human Services, | ) | |
| ANDREW C. VON ESCHENBACH, Commissioner of Food and Drugs, and | ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) | |
| Defendants, | ) | |
| MYLAN PHARMACEUTICALS INC., | ) | |
| Intervenor-Defendant. | ) | |

[PROPOSED] ORDER

Before me is the Motion of Apotex, Inc. filed pursuant to Rules 24(a) and (b) of the

Federal Rules of Civil Procedure, for leave to intervene in the above-captioned case for the

purpose of pursuing an appeal.  Having considered the Motion, any opposition thereto, and the

remainder of the record in this case,

IT IS ORDERED that the motion be GRANTED.

Dated: _____

.

_____
United States District Judge

Pursuant to Local Rule 7(k), the following is a list of the names and addresses of all attorneys entitled to be notified of the entry of this Order:


Jay P. Lefkowitz, Esq.
Michael D. Shumsky, Esq.
Gregory L. Skidmore, Esq.
Kirkland & Ellis LLP
655 15th Street, NW
Washington, D.C. 20005
(202) 879-5040
e-mail: JLefkowitz@kirkland.com
MShumsky@kirkland.com
GSkidmore@kirkland.com

Drake S. Cutini, Esq.
Office of Consumer Litigation
U.S. Department of Justice
National Place Building
Room 950 N
1331 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 307-0044
e-mail: Drake.Cutini@usdoj.gov

Shoshana Hutchinson, Esq.
Office of Chief Counsel
Food and Drug Administration
5600 Fishers Lane (GCF-1)
Rockville, MD  20857
e-mail:  Shoshana.hutchinson@fda.hhs.gov

William A. Rakoczy, Esq.
Rakoczy Molino Mazzochi Siwik, LLP
6 West Hubbard Street
Suite 500
Chicago, IL  60610
(312) 222-6301
e-mail: wrakoczy@rmmslegal.com

Carmen M. Shepard, Esq.
Kate C. Beardsley, Esq.
Buc & Beardsley
919 Eighteenth Street, NW
Suite 600
Washington, D.C. 20006
(202) 736-3600
email:  cshepard@bucbeardsley.com