IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary of Health and Human Services, <br><br> ANDREW C. VON ESCHENBACH, Commissioner of Food and Drugs, and <br><br> U.S. FOOD AND DRUG ADMINISTRATION, <br><br> Defendants, <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Intervenor-Defendant. | Case No. 08-cv-395 (RCL) |

APOTEX, INC.'S REPLY TO TEVA'S
OPPOSITION TO APOTEX'S MOTION TO INTERVENE

Apotex, Inc. ("Apotex") seeks to intervene in this case in order to immediately pursue an appeal of this Court's April 11, 2008 Order. The government does not oppose the motion, and Teva Pharmaceuticals USA ("Teva") filed its opposition to Apotex's motion. Mylan Pharmaceuticals Inc. ("Mylan") has not responded to communications intended to ascertain its position. Apotex believes that the Court has before it the pleadings necessary to rule on Apotex's motion to intervene and respectfully requests that the Court decide this matter as expeditiously as possible.

Apotex seeks expedition because it wishes to notice an appeal and seek immediate review and/or a stay of the Court's April 11 order. To prevent Teva from obtaining 180-day exclusivity,

the Court of Appeals must act by June 29, 2008. If the Court of Appeals cannot review the decision or act on a request for stay by then, Teva's 180-day exclusivity will preclude approval of Apotex's risperidone ANDA on that date. Assuming that Teva intends to launch its risperidone product promptly, failure to obtain prompt appellate review is likely to leave Apotex without a meaningful remedy. To accommodate a briefing schedule and provide the Court of Appeals sufficient time to consider these issues, it is critical that the appeal and a request for immediate review and/or a stay be filed as quickly as possible.

Teva's opposition to Apotex's motion to intervene does not require extensive reply. Teva's opposition is based principally on its view that Apotex should have intervened before now if it wanted to participate in this case. Rule 24 does not require, indeed does not allow, intervention when a party's interests are being adequately represented, but it does provide a vehicle for intervention as a matter of right when those interests diverge after judgment is entered. United Airlines v. McDonald, 432 U.S. 385, 395 (1977) (allowing intervention after judgment for purpose of pursuing an appeal and rejecting argument that a party is required to intervene earlier to guard against the possibility that the existing parties might not appeal). As Apotex explained in its memorandum supporting the motion to intervene, Apotex did not intervene earlier because the government and Mylan were adequately representing its interest by supporting FDA's decision. Apotex's interest post-judgment, however, can only be protected by an immediate appeal. Neither the government nor Mylan has acted to protect this interest.

Teva also argues that Smoke v. Norton is not supportive of Apotex's position, pointing out several differences in the facts underlying that decision. In Smoke v. Norton, the Court of Appeals held that appellant's post-judgment motion was timely made when it became apparent that appellant's interests had diverged from those of the party that it had previously believed was

2

representing its interests. That is exactly the situation here. Teva's reading of <u>Smoke v. Norton</u> would compel Apotex to wait until the other parties announce their next steps, rather than relying on their actions, as Apotex is doing. By the time the other parties announce their next steps, if they ever do, it may well be too late for Apotex.

Teva also argues that a one week delay in noticing an appeal and requesting a stay is insufficient evidence of a divergence of interests between Mylan and Apotex. The delay is now two weeks. If Mylan shared Apotex's interest in obtaining immediate review or a stay of this Court's Order prior to June 29, Apotex believes that it would have acted by now. Further, whether a delay is indicative of a divergence of interests must depend on the circumstances. In these circumstances, where the need for appellate review in a short time frame is at issue, every day counts.

For the reasons stated above and in its initial memorandum, Apotex respectfully requests that its motion to intervene be granted.

Dated: April 25, 2008

Respectfully submitted,

Carmen M. Shepard
D.C. Bar No. 331314
Kate C. Beardsley
D.C. Bar No. 416806

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendant
Apotex, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Reply of Apotex, Inc., Proposed Intervenor-Defendant (Apotex), to Plaintiff Teva Pharmaceuticals USA, Inc.'s Memorandum in Opposition to Apotex' Motion to Intervene for Purposes of an Appeal was served today, April 25, 2008, as follows:

By first class mail, postage pre-paid, and by electronic mail upon:

Jay P. Lefkowitz, Esq.
Michael D. Shumsky, Esq.
Gregory L. Skidmore, Esq.
Kirkland & Ellis LLP
655 15th Street, NW
Washington, D.C. 20005
(202) 879-5040
e-mail: JLefkowitz@kirkland.com
MShumsky@kirkland.com
GSkidmore@kirkland.com

Drake S. Cutini, Esq.
Office of Consumer Litigation
U.S. Department of Justice
National Place Building
Room 950 N
1331 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 307-0044
e-mail: Drake.Cutini@usdoj.gov

Shoshana Hutchinson, Esq.
Office of Chief Counsel
Food and Drug Administration
5600 Fishers Lane (GCF-1)
Rockville, MD  20857
e-mail:  Shoshana.hutchinson@fda.hhs.gov

William A. Rakoczy, Esq.
Rakoczy Molino Mazzochi Siwik, LLP
6 West Hubbard Street
Suite 500
Chicago, IL  60610
(312) 222-6301
e-mail: wrakoczy@rmmslegal.com

_____
Carmen M. Shepard
Attorney of Record for
Proposed Intervenor-Defendant Apotex, Inc.

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600